## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO.:

ASHLEY COOK,

     Plaintiff,

v.

PARRISH VENTURES, LLC.
a Florida Limited Liability (dba)
Barb's Washmart

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY COOK ("Cook" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, PARRISH VENTURES, LLC(dba) BARB'S WASHMART( "Barb's" or "Defendant"), a Florida Limited Liability Company, and states as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover minimum wages, overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.     Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Okeechobee County, Florida.

## PARTIES AND FLSA COVERAGE

3.     At all times material hereto, Plaintiff was a resident of Okeechobee County, Florida.

4.     At all times material hereto, Defendant was, and continues to be, a Florida Limited Liability Company, and continues to be engaged in business in Okeechobee County

Okeechobee County, Florida.

5.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6.      At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8.      At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11.     Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

12.     At all times relevant hereto, Defendant was primarily engaged in the provision of laundry services to its customers in, among other places, Okeechobee County, Florida.

13.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

15.     Plaintiff worked as a non-exempt employee for Defendant from January 1, 2022, until her termination on June 5, 2022(22 weeks).

16.     Plaintiff performed non-exempt duties as a Laundry Attendant for Defendant and was therefore entitled to be compensated for overtime work.

17.     At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18.     Plaintiff was not exempt from overtime under the FLSA and should have been paid her full and proper overtime compensation.

19.     Plaintiff had no authority to unilaterally discipline employees of Defendant.

20.     Plaintiff had no authority to determine the schedules to be worked by any employees of Defendant or to change their schedules.

21.     Plaintiff had no authority to set rates of pay for other employees or agents of Defendant.

22.     All of Plaintiff's major decisions had to be cleared in advance by one of Defendant's supervisors and/or owners.

23.     Plaintiff was closely monitored by Defendant's managers and supervisors at all times.

24.     Plaintiff followed procedures established by Defendant and did exactly as she was instructed to do.

25.     Plaintiff's primary duties were to perform laundry duties at Defendant's Laundromat.

26.     Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

27.     Defendant paid Plaintiff an hourly rate of $10.00 per hour.

28.     Plaintiff regularly worked sixty (60) or more hours per week for Defendant.

29.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period, and instead paid her at her regular straight time rate of $10.00 per hour for hours worked over forty (40) in said work weeks.

30.     When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

31.     Additionally, Plaintiff would be required to work on her days off, and would be paid cash instead of adding the hours to her workweek and being paid proper overtime compensation for those hours worked.

3

32.     At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

33.     Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

34.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant.

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

35.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

36.     Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

37.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

38.     While Plaintiff does not have all of her time records, Plaintiff estimates her FLSA damages to be[1]:

## **STATEMENT OF CLAIM**

---

[1] Upon receipt of all records from Defendant, Plaintiff will amend her Statement of Claim, if needed.

January 1, 2022, through June 5, 2022 (approximately 22 weeks)

Plaintiff estimates her damages:

193.95 regular hours owed @ $10.00 per hour=$1,939.55

412 overtime hours owed at time and a half(412 x $15.00) =$6180.00.

52.6 overtime hours owed at half-time(52.6 x $5.00)=$263.00

TOTAL:  $8, 382.50 (unliquidated) and, if liquidated, $16, 765.00

39.      Based on the allegations in Paragraphs 35-38, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

40.      Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I - VIOLATION OF 29 U.S.C §206 - MINIMUM WAGE UNDER FLSA

41.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

42.      Plaintiff was entitled to be paid the applicable federal minimum wage for each hour Plaintiff worked for Defendant.

43.      Defendant failed to pay Plaintiff the federal minimum wage for each week Plaintiff worked for Defendant.

44.      As a result of Defendant's actions in this regard, Plaintiff has not been paid the federal minimum wage for *each hour worked* during one or more weeks of employment with Defendant.

45.      Defendant willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

46.      As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages during her employment with Defendant.

47.      Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

48.     Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

49.     Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a.      Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

b.      Award Plaintiff minimum wages for all hours worked;

c.      Award Plaintiff liquidated damages in an amount equal to the minimum wage award;

d.      Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.      Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

<u>**COUNT II**</u>
<u>**VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**</u>

50.     Plaintiff reincorporates and re-alleges paragraphs 1 through 40, above, as though fully set forth herein, and further alleges as follows:

51.     Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

52.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

53.     Plaintiff was not an exempt employee as defined by the FLSA.

54.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

55.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to

6

liquidated damages.

56.     At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a.   Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.   Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c.   Award Plaintiff liquidated damages in an amount equal to the overtime award;

d.   Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.   Award Plaintiff pre-judgment interest; and

f.   Order any other and further relief that this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 27th day of June 2022.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476

RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771

7

E-mail: <u>noah@floridaovertimelawyer.com</u>

*Trial Counsel for Plaintiff*